UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JOHN LEE BENSON | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | 3:02-cv-392 |
| | ) | (3:99-cr-131) |
| | ) | *Jordan* |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner John Lee Benson ("Benson"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Benson's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Benson "must show a 'fundamental defect which inherently results in a complete miscarriage

of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Benson is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Benson was indicted in a three-count indictment for being a felon in possession of ammunition on or about September 28, 1998 (Count One), felon in possession of a firearm on or about April 20, 1999 (Count Two), and felon in possession of ammunition on or about April 20, 1999 (Count Three), in violation of 18 U.S.C. § 922(g)(1). Count One arose out of a police checkpoint stop; Counts Two and Three arose out of a traffic stop. The following summary of the evidence at trial was set forth in the Presentence Investigation Report:

> On September 29, 1998, Knoxville Police Department officers, while on a KDCD ID checkpoint within Ridgebrook Homes, encountered a black Toyota with four occupants. As officers were obtaining the identity of the occupants, one of them dropped a small silver gun on the floor. At that time, all of the individuals were removed from the car. Upon searching the defendant,

2

officers found a 7.62x39mm round of ammunition on his person. He told the officers that they would probably find four more rounds in the floor of the vehicle and that he had them because they were pretty and shiny and he was giving them away as gifts. When officers searched the vehicle, they recovered four additional rounds in the floor of the vehicle where the defendant had been sitting.

On April 20, 1999, KPD officers conducted a routine traffic stop of a Nissan Maxima after witnessing the vehicle almost rear-end the car in front of it. The driver of the car was found to be driving on a revoked driver's license and was taken into custody. The passenger in the car, Benson, was observed attempting to remove a handgun from his back pocket area. After securing Benson, the officer recovered the firearm which was a Colt revolver, .38 caliber, serial number H90829, from the front passenger seat where Benson had been sitting (between the seat and front passenger door). The revolver was loaded with five rounds of .38 caliber ammunition.

[Criminal Action No. 3:99-cr-131, Court File No. 45, Presentence Investigation Report, p. 3, ¶ 4 (under seal)].

Benson was convicted by a jury on all counts and was sentenced as an armed career offender to a term of imprisonment of 235 months, pursuant to 18 U.S.C. § 924(e). The convictions and sentence were affirmed on direct appeal. *United States v. Benson*, 15 Fed.Appx. 291 (6th Cir. July 24, 2001).

In support of his § 2255 motion to vacate sentence, Benson alleges the following: (1) ineffective assistance of counsel, (2) actual innocence of the armed career criminal enhancement, and (3) unconstitutionality of § 922(g). In an amendment to the § 2255 motion, Benson claims he is entitled to relief in light of the recent U.S. Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005).

3

III.   Discussion

*A. Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Benson must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

4

Benson alleges numerous instances of ineffective assistance of counsel. He first claims that his attorney failed to investigate his defense. Benson specifically alleges his attorney failed to interview or subpoena a potential witness, Sherman Mason, the driver of the vehicle during the April 20, 1999, traffic stop in which the firearm was found. According to Benson, Mr. Mason would have testified at trial that he had possession of the gun prior to the stop and attempted to conceal it by pushing the gun behind Benson. Benson, however, has submitted no evidence to support this allegation.

A § 2255 movant has the burden of proving the substance of his allegations by a preponderance of the evidence and a district court is not required to hold an evidentiary hearing on the basis of conclusory allegations. *See, e.g., Ashley v. United States*, 17 Fed. Appx. 306, 308 (6th Cir. 2001); *Tucker v. United States*, 423 F.2d 655, 656 (6th Cir. 1970); *United States v. Orlando*, 327 F.2d 185, 188 (6th Cir. 1964); *Malone v. United States*, 299 F.2d 254, 255 (6th Cir. 1962).

Benson also claims his attorney failed to investigate Benson's medical records so as to support a defense based on his history of drug addiction. Benson himself testified as to his drug abuse; there is nothing in the record to suggest that proof of his medical records would have altered the outcome of the trial. Benson's attorney presented a vigorous defense; the proof of guilt in this case, however, was overwhelming.

Benson next claims that his attorney presented Benson's alleged confession to the jury in closing arguments. According to plaintiff, his attorney stated to the jury in closing

argument that Benson's own mouth convicted him, that the case was a "no brainer," and that Benson basically admitted his guilt.

This allegation is without merit. Benson's attorney stated the following in closing argument: "Mr. Jennings talked to you about the bullets that were taken from Mr. Benson well over a year ago now, I believe, and basically said, well, he's basically admitted guilt there; he didn't deny having them, that the end of the story." [Criminal Action No. 3:99-cr-131, Court File No. 50, Transcript of Proceedings, p. 23]. Clearly, Benson's attorney was referring to the closing argument of David Jennings, the prosecutor. It was Mr. Jennings who, in fact, stated in closing argument that Benson's "own mouth was going to get him convicted," and that the case was a "no brainer." [*Id*. at 19 & 20, respectively].

Benson next claims his attorney failed to move to suppress the evidence. According to Benson, there was no reasonable articulable suspicion for Officer Tony Willis to have initiated the traffic stop on April 20, 1999, and that the stop was based on nothing more than mere suspicion. Prior to the start of the trial, Benson's attorney made the following statement to the court:

> Your Honor, I have a couple of things to bring to the attention of the court at the request of my client, Mr. Benson. Mr. Benson wanted me to inform, to let the court know that he had specifically asked me to file a number of pretrial motions, which I declined to file. Those would be a motion to dismiss the indictment, I believe on the grounds that Mr. Benson does not believe that the provisions of 924(e) apply to him in this case.
>
> The other motions were motions to challenge the stop which occurred just prior to the events alleged in counts two and three, and the third was to challenge the sufficient -- or the search of the vehicle following that stop. And I believe that the other motion to be related to the motion I mentioned

6

> regarding the dismissal of the indictment, and again that would have to do with the applicability of 924(e), given the nature of the -- of Mr. Benson's prior state charges.
>
> I just wanted to let the court know that. My client asked me to inform the court that before we start the trial today, that he asked me to file those things and that I, as a matter of my judgment, declined to do that. And Mr. Benson would like to speak to the court, I believe, briefly to inform him of any other problem he had.

[Criminal Action No. 3:99-cr-131, Court File No. 33, Transcript of Proceedings, pp. 5-6]

The trial record reflects that there was reasonable suspicion for the traffic stop on April 20, 1999, based upon the driver's following too closely to the car in front of him. [*Id.* at 36]. Whether Officer Willis suspected criminal conduct in addition to the traffic violation is irrelevant. "[A]n officer may stop a vehicle for a traffic violation when his true motivation is to search for contraband, as long as the officer had probable cause to initially stop the vehicle." *United States v. Hill*, 195 F.3d 258, 265 (6th Cir. 1999) (citing *Whren v. United States*, 517 U.S. 806, 812-813 (1996)); *see also United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993) ("We hold that so long as the officer has probable cause to believe that a traffic violation has occurred or was occurring, the resulting stop is not unlawful and does not violate the Fourth Amendment.).

Accordingly, there was no basis for Benson's attorney to have filed a motion to suppress the evidence from the April 20, 1999, traffic stop, and his failure to do so was not ineffective assistance of counsel. *See United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990) (the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel).

7

Benson next claims his attorney failed to timely file a motion for acquittal or a motion for new trial. Based upon a review of the record, there was no basis for Benson's attorney to file either motion and his failure to do so did not constitute ineffective assistance of counsel.

Benson next claims his attorney failed to file a motion to sever count one from counts two and three. The Federal Rules of Criminal Procedure permit the joinder of offenses:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged --whether felonies or misdemeanors or both -- are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a). Rule 8 should be construed broadly to "'promote the goals of trial convenience and judicial efficiency.'" *United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (quoting *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983)). Joinder under Rule 8(a) is proper when "'the joined counts are logically related, and there is a large area of overlapping proof.'" *Id.* (quoting *Wirsing*, 719 F.2d at 863).

The three counts of Benson's indictment were of the same or similar character, and the proof of Benson's prior felony convictions overlapped; the gap in time between the offenses was not relevant. *See, e.g., United States v. Nolan*, 2006 Fed.App. 0051N (6th Cir. January 18, 2006); *United States v. Chavis*, 296 F.3d 450 (6th Cir. 2002); *United States v. Reynolds*, 489 F.2d 4 (6th Cir. 1973). There was no basis for filing a motion to sever, and the failure of Benson's attorney to do so did not constitute ineffective assistance of counsel.

Benson finally alleges he received ineffective assistance of counsel based upon the totality of his attorney's errors. The court having found no errors on the part of Benson's counsel, this allegation lacks merit. Based upon the foregoing, Benson has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

## B. Actual Innocence

Benson alleges he is actually innocent of the armed career criminal enhancement because he did not have the requisite three prior convictions for a violent felony or serious drug offense. Benson is incorrect in his allegation.

The law provides a minimum mandatory sentence of fifteen (15) years for a person convicted of violating 18 U.S.C. § 922(g) who has three prior convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). A serious drug offense under state law is one "involving manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance ..., for which a maximum term of imprisonment of ten years or more is prescribed by law." *Id*. § 924(e)(2)(A)(ii). A violent felony is "any crime punishable by imprisonment for a term exceeding one year," that (I) "has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id*. § 924(e)(2)(B).

Benson was convicted in 1987, in Loudon County, Tennessee, of simple robbery. He was originally sentenced to life imprisonment as a habitual criminal; that sentence was vacated and he was re-sentenced in 1991 to a term of seven years' imprisonment. At the time of the offense, Tennessee defined robbery as "the felonious and forcible taking from the person of another, goods or money of any value, *by violence or putting the person in fear*." *See State v. Reisinger*, 1986 WL 8851 *1 (Tenn. Crim. App. 1986) (quoting Tenn. Code Ann. § 39-2-501 (repealed 1989) (emphasis in original). Clearly, Benson's conviction for robbery qualified as a predicate offense for purposes of § 924(e).

Benson was also convicted of two offenses of the sale of cocaine in 1987, in Knox County, Tennessee. At the time of the offenses, the penalty for sale of cocaine, a Schedule II drug, was a term of imprisonment of "not less than four (4) years nor more then ten (10) years." Tenn. Code Ann. § 39-6-417(a)(1)(B) (repealed 1989). In 1994, in Knox County, Tennessee, Benson was convicted of two offenses of attempt to sell and deliver .5 grams or more of cocaine. Based upon the amount of the cocaine, the offenses constituted Class B felonies, Tenn. Code Ann. § 39-17-417(c)(1), and thus the penalty for those offenses was a term of imprisonment of "not less than eight (8) nor more than thirty (30) years." *Id*. § 40-35-111. These drug offenses clearly qualified as a predicate offenses for purposes of § 924(e).

### C. Unconstitutionality of § 922(g)

Benson also claims this court lacked jurisdiction to convict him under § 922(g) and relies upon *United States v. Lopez*, 514 U.S. 549 (1995). In *Lopez*, the Supreme Court held that the activity Congress sought to control (possession of firearms in school zones) was beyond the purview of Congress and thus unconstitutional. *Id.* at 561. The Sixth Circuit, however, has held that § 922(g) is constitutional on its face under the Commerce Clause and thus a challenge under *Lopez* lacks merit. *See United States v. Murphy*, 107 F.3d 1199 (6th Cir. 1997); *States v. Chesney*, 86 F.3d 564 (6th Cir. 1996); *United States v. Turner*, 77 F.3d 887 (6th Cir. 1996).

### D. Booker

In an amendment to his § 2255 motion, Benson alleges he is entitled to relief pursuant to the recent U.S. Supreme Court decision of *United States v. Booker*, 125 S. Ct. 738 (2005). At this time there is no reason to apply *Booker* retroactively to a § 2255 motion such as Benson's. In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 125 S. Ct. at 769. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final.

The Supreme Court, in fact, quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for

11

cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, No. 05-5130, 2005 WL 1671557 (October 3, 2005). Accordingly, *Booker* does not afford Benson any relief.

IV.     Conclusion

Benson is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

    **AN APPROPRIATE ORDER WILL ENTER.**

                                              s/ Leon Jordan
                                    United States District Judge